Robert B. BROWN and Thora C. Brown,
Plaintiffs,

v.

UNITED STATES of America, Federal
Housing Administration, etc.,
Defendants.

No. 1876.

United States District Court
S. D. California, S. D.

June 4, 1957.

Bertram J. Brown, San Diego, Cal., for plaintiffs.

Laughlin E. Waters, U. S. Atty., Richard A. Lavine, Asst. U. S. Atty., Los Angeles, Cal., and Burton C. Jacobson, Asst. U. S. Atty., Los Angeles, Cal., by Burton C. Jacobson, Los Angeles, Cal., for defendants.

WEINBERGER, District Judge.

### Findings of Fact

**I**

That on or about January 23, 1951, Charles N. Elder and Nora E. Elder, husband and wife, sold to John Harrison Blount and Hazel Geneva Blount, husband and wife, certain improved real property, together with the furniture and furnishings therein, said real property being located at 3829 Eagle Street, San Diego, California; that the total selling price was $22,500, of which $20,000 was for the improved real property, and $2,500 for the furniture and furnishings therein.

**II**

That at the time of the hereinabove mentioned sale, said John Harrison Blount and Hazel Geneva Blount, husband and wife, executed and delivered to the said Charles N. Elder and Nora E. Elder, husband and wife, a promissory note in the sum of $22,500, secured by a first trust deed upon the herein mentioned real property; that in such first trust deed said Charles N. Elder and Nora E. Elder were designated as beneficiaries; the said John Harrison Blount and Hazel Geneva Blount were designated as trustors; and the Union Title Insurance & Trust Company of San Diego, California, was named trustee.

**III**

That on or about March 23, 1953, the said John Harrison Blount and Hazel Geneva Blount, husband and wife, executed a promissory note in the sum of $1,742.69; that said promissory note was secured by a second trust deed upon the herein mentioned real property; that in said second trust deed the said John Harrison Blount and Hazel Geneva Blount were designated as trustors; the Corporation of America was designated as trustee and the Bank of America National Trust & Savings Association was named the beneficiary.

**IV**

That the Federal Housing Administration, an instrumentality of the United States, insured payment to the Bank of America National Trust & Savings Association, as beneficiary named in such second trust deed, of the herein mentioned trustor's promissory note secured by such second trust deed, in the sum of $1,742.69.

## V

That the said first trust deed was recorded prior to the second trust deed.

## VI

That on or about December 13, 1954, John Harrison Blount and Hazel Geneva Blount filed petitions in bankruptcy in the United States District Court, for the Southern District of California, Southern Division; at the time of the filing of said bankruptcy petitions there was still due and unpaid to the Bank of America the sum of $826.86 by the said John Harrison Blount and Hazel Geneva Blount, on the promissory note secured by said second trust deed; that said indebtedness was duly listed in the bankruptcy schedules. The trustees of the assets of the bankrupts, on the ground that the amount due on the trust deeds encumbering said real property rendered it of no value to the estate, petitioned the Referee in Bankruptcy for an order releasing said property from the estates, and such order was issued by said Referee.

## VII

That on or about March 15, 1955, the Bank of America National Trust & Savings Association, as beneficiary named in the herein mentioned second trust deed, demanded of the Federal Housing Administration reimbursement of the sum of $826.86, pursuant to the provisions of the FHA Title I loan; on or about June 6, 1955, Federal Housing Administration paid the Bank of America such amount of $826.86.

## VIII

That on or about the 28th day of July, 1955, the Union Title Insurance & Trust Company, of San Diego, California, as the trustee mentioned in the hereinabove mentioned first trust deed, after due notice, sold for the total price of $19,-920.52 at a trustee's sale, the herein mentioned property and improvements thereon; that thereafter the purchaser of the real property at said trustee's sale sold and conveyed the same to the plaintiffs above named.

## IX

That the selling price of the herein mentioned real property included the unpaid balance due on the promissory note secured by a first trust deed, plus delinquent taxes, costs of foreclosure, and other properly included expenses of sale.

## X

That the trustee, in all proceedings had in connection with said sale, did all the acts necessary under the laws of the State of California.

## XI

That the defendants and each of them claim an interest in the herein mentioned real property which is adverse to the interest of the plaintiffs.

## XII₀

That the legal description of the above mentioned property is as follows (Legal description omitted for purposes of brevity).

### Conclusions of Law

From the foregoing Findings of Fact the Court now makes and renders its Conclusions of Law:

## I

This Court has jurisdiction of the suit under the provisions of Title 28 U.S.C. § 2410.

## II

The defendants became subrogated to the rights of the Bank of America in and to said real property, and their lien was junior to that of the first trust deed, and was extinguished by the sale under said first trust deed.

## III

That the plaintiffs are the owners and entitled to the possession of the hereinabove described real property, as against the defendants and each of them, and that none of the said defendants has any right, title, or interest in and to said land, and improvements thereon, or any part thereof.

## IV

That the plaintiffs are entitled to a judgment to quiet title to said land, against said defendants and each of

them, and to quiet title against all persons claiming or to claim the same or any part thereof, through or under the said defendants or either of them.

### Judgment

#### I

This action be dismissed as to defendants, John Doe, Richard Roe, Mary Keep, the John Doe Company, a partnership, and the John Doe Company, a corporation.

#### II

That the United States of America and Federal Housing Administration, and all persons who claim through or under said defendants, or either of them, are without any right, whatever, and that said defendants have no right, title, interest, claim or estate whatsoever, in or upon said real property, or any part thereof, and said defendants and all persons claiming under them are hereby enjoined and debarred from claiming or asserting any estate, right, title, interest in, or claim or lien upon said real property, or any part thereof.

That said real property is situated in the County of San Diego, State of California, and is more particularly described as follows, to wit (Legal description omitted for purposes of brevity).